THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>LORENZO BELL,<br><br>    Defendant. | CASE NO. CR18-0261-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for the return of seized property (Dkt. No. 42) and motion to reduce sentence (Dkt. No. 43). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motions for the reasons explained herein.

I.  **BACKGROUND**

Defendant pled guilty to possession of cocaine base with intent to distribute. (Dkt. No. 40 at 1.) The Court dismissed a second charge of felon in possession of a firearm. (*Id.*; Dkt. No. 20 at 2.) On June 4, 2019, the Court sentenced Defendant to a 36-month prison term. (Dkt. No. 40 at 2.) On June 10, 2019, Defendant, proceeding *pro se*, filed a motion for return of seized property—a BMW-7451 automobile, a Rolex watch, and $950 in cash. (Dkt. No. 42.) On that same day, Defendant filed a motion for a "modification in sentence." (Dkt. No. 43.) On June 13, 2019, Defendant's counsel filed a notice of appeal to the Ninth Circuit Court of Appeals. (Dkt.

ORDER
CR18-0261-JCC
PAGE - 1

No. 44.)

## II. DISCUSSION

For the sake of judicial economy, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also United States v. Sosipather-Valtierra*, 225 F.3d 665, 665 (9th Cir. 2000) (finding that the district court lacked jurisdiction over a motion for resentencing after the defendant filed a notice of appeal). However, a district court may retain jurisdiction to correct clerical mistakes or make clarifications pursuant to Federal Rule of Civil Procedure 60(a), to "supervise the status quo . . . or in aid of execution of a judgment," or as permitted by statute. *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) (collecting cases). When a court lacks jurisdiction over a timely motion because of a pending appeal, "the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37.

Defendant has not established that Federal Rule of Civil Procedure 60(a) applies to his case. (*See* Dkt. Nos. 42, 43.) Defendant is not asking the Court to maintain the status quo or aid in executing the judgment. (Dkt. No. 40); *see Stein*, 127 F.3d at 1189. Finally, Defendant has not cited a statute that grants the Court jurisdiction in this instance. *See* Fed. R. Crim. P. 35(a); Fed. R. App. P. 4(b)(5); *see also Stein*, 127 F.3d at 1189. Thus, no exception applies and jurisdiction over this case passed to the Ninth Circuit upon Defendant's filing of his notice of appeal. (Dkt. No. 44); *see Griggs*, 459 U.S. at 58. The Court declines to defer the motions or reach their merits.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for the return of seized property (Dkt. No. 42) and motion to reduce sentence (Dkt. No. 43) are DENIED without prejudice.

//

1       DATED this 9th day of July 2019.

                                              John C. Coughenour
                                              UNITED STATES DISTRICT JUDGE